UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ACCELERAISE LLC | * | CIVIL ACTION |
| | * | |
| | * | |
| | * | CASE NO. |
| vs. | * | |
| | * | SECT. |
| | * | |
| KELLY CONNELLY | * | MAGISTRATE |
| | * | |
| | * | JURY TRIAL DEMANDED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY</u>

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Acceleraise L.L.C. ("Plaintiff" or "Acceleraise"), who respectfully represents:

*PARTIES*

1. Plaintiff Acceleraise LLC is a Louisiana limited liability company with its principal place of business in Orleans Parish, State of Louisiana.

2. Upon information and belief, Defendant, Kelly Connelly ("Connelly" or "Defendant") is a Louisiana resident, and resides in Orleans Parish, State of Louisiana.

**Jurisdiction and Venue**

3. This is an action for misappropriation of trade secrets pursuant to 18 U.S.C. §1836. Therefore, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 18 USC §1836(c). This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) with respect to the state law claims

asserted herewith.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c) because Defendant resides in this judicial district as defined by 28 U.S.C. §1391(c), a substantial part of the events or omissions giving rise to this claim occurred in this district and Defendant has committed willful and malicious acts in this district.

### *FACTS*

5. On June 27, 2024 at approximately 8:30 a.m., Kelly Connelly was terminated for cause due to various performance related issues.

6. Within an hour of Ms. Connelly's termination, Acceleraise initiated an internal investigation to determine the amount of unused vacation she had accrued in order to issue a supplemental check along with her final paycheck.

7. On June 28, 2024, when her accrued, unused vacation was determined, Acceleraise first discovered that Connelly accessed and misappropriated approximately 2,600 confidential and proprietary documents, including highly sensitive financial information belonging to Acceleraise and its clients. Acceleraise's investigation revealed that Connelly vindictively accessed and downloaded the confidential information within an hour of being terminated.

8. Furthermore, Acceleraise discovered that Connelly deleted the entire contents of her company-owned email boxes, which also contained proprietary information. The company-owned email boxes also contained valuable information necessary for Acceleraise to timely submit certain grant applications. As a result of

the mailbox destruction, Acceleraise lost valuable client email communications that required significant time and manpower to recover.

9. Acceleraise through undersigned counsel sent Connelly a cease-and-desist letter demanding return of all misappropriated proprietary information. Acceleraise also demanded a guarantee that she would permanently delete any misappropriated information on all electronic devices and agree to never use such information in the future.

10. In response, Connelly retained counsel and immediately tried to convert Acceleraise's misappropriation claim into a windfall unpaid wage claim while completely ignoring any responsibility for her misappropriation and destruction of Acceleraise property. Specifically, Connelly incredulously claimed that Acceleraise owed her a full eight-weeks' vacation as of January 1, 2024 despite Acceleraise's longstanding policy that vacation accrues on a pro rata basis.

11. At no time from her termination date until Acceleraise received a response to its demand letter did Connelly ever demand payment for unused vacation. Not until she was caught misappropriating and destroying Acceleraise property did she ever make a wage claim for unused vacation.

12. Despite any unused vacation time being clearly offset by Connelly's misappropriation and destruction of proprietary materials, Acceleraise tendered the amount of accrued vacation on November 1, 2024.

13. Acceleraise expended substantial corporate resources and manpower in identifying, quantifying and properly responding to the misappropriation, as well as

communicating with affected clients to mitigate resulting damage and to repair client relationships.

14. As a result of Connelly's actions, Acceleraise suffered substantial damage repairing and recovering damaged, expropriated and destroyed property.

### COUNT I- TRADE SECRET MISAPPROPRIATION UNDER 18 U.S.C. 1836

15. Plaintiff incorporates herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

16. Connelly's misappropriation of Acceleraise's trade secrets is a violation of 18 U.S.C. §1836 entitling Acceleraise to injunctive relief prohibiting any further use of the trade secret information, actual damages, damages for resulting unjust enrichment, punitive damages of two times the amount of damages awarded, and attorney's fees due to the clearly intentional and malicious misappropriation.

### COUNT II-LIABILITY FOR ACTS CAUSING DAMAGES
### LA. CIV. CODE art. 2315

17. Plaintiff incorporates herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

18. Defendant is liable for damages under Louisiana Civil Code Article 2315 for damages caused by the above-described wrongful acts, as set forth in detail above.

### COUNT III-CLAIMS FOR RELIEF-TRADE SECRET MISAPPROPRIATION
### UNDER La. R.S. 51:1431

19. Plaintiff incorporates herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

20. Connelly's misappropriation of Acceleraise's trade secrets is a violation

of La. R.S. 51:1431 et seq. entitling Acceleraise to injunctive relief prohibiting any further use of the trade secret information, damages and unjust enrichment, and attorney's fees due to the clearly intentional misappropriation.

### COUNT IV-CLAIMS FOR RELIEF-TRADE SECRET MISAPPROPRIATION UNDER LA. R.S. 51:1405

21. Plaintiff incorporates herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

22. Connelly's misappropriation of Acceleraise's trade secrets is a violation of the Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1405 et seq.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Acceleraise prays for judgment against Kelly Connelley as follows:

1. For entry of a preliminary and permanent injunction immediately and without bond enjoining Kelly Connelly and all affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Kelly Connelly or in concert or participation with her, from any use or display of Acceleraise's misappropriated trade secrets;

2. For entry of an order compelling Kelly Connelly to deliver and destroy all use or display of Acceleraise's misappropriated trade secrets;

3. For entry of judgment against Kelly Connelly for all damages to which Acceleraise may be entitled, including its damages in an amount as may be proven at trial, together with any applicable statutory damage enhancements including

punitive damages of up to two times the actual damages;

    4.    For prejudgment and post-judgment interest according to law;

    5.    For Acceleraise's attorneys' fees, and full costs and disbursements in this action; and

    6.    For such other and relief as the court may find appropriate.

RESPECTFULLY SUBMITTED,

/s/ kenneth l. tolar
KENNETH L. TOLAR (LA BAR NO. 22641)
BRAD E. HARRIGAN (LA BAR NO. 29592)
TOLAR HARRIGAN & MORRIS LLC
8117 Oak Street, Suite 203
New Orleans, LA 70118
(504) 571-5317
(504) 571-5437 (facsimile)
ktolar@nolaipa.com
*Counsel for Defendant, Acceleraise, LLC*